Filed 8/19/14  In re J.E. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re J.E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.E.,<br><br>        Defendant and Appellant. | E060231<br><br>(Super.Ct.No. J246123)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Brian Saunders, Judge.  Affirmed.

Daniel R. McCarthy, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A Welfare and Institutions Code section 602 juvenile wardship petition was filed alleging that defendant and appellant J.E. (minor) committed the following offenses:

1

carrying a switchblade knife (Pen. Code, § 21510, count 1),[1] possession of tools to commit vandalism or graffiti (§ 594.2, subd. (a), count 2), and vandalism with damage under $400 (§ 594, subd. (b)(2)(A), count 3). Minor admitted the allegation in count 3. A juvenile court found the allegation true and dismissed the other counts. At the disposition hearing, the court declared minor a ward and placed him on probation, in the custody of his grandparents. Several subsequent wardship petitions were filed alleging that minor either violated his probation or committed other offenses. The court continued minor as a ward, but eventually found that previous dispositions had failed and that minor needed a closed setting with substantial counseling. The court ordered him committed to the Gateway program at a youth educational and residential facility (Gateway).

Minor filed a timely notice of appeal regarding the disposition. We affirm.

PROCEDURAL BACKGROUND

On September 25, 2012, a juvenile wardship petition was filed, alleging that minor committed the following offenses: carrying a switchblade knife (§ 21510, count 1), possession of tools to commit vandalism or graffiti (§ 594.2, subd. (a), count 2), and vandalism with damage under $400 (§ 594, subd. (b)(2)(A), count 3). Minor admitted the allegation in count 3, and the court found the allegation true and dismissed the other counts. The court declared minor a ward and placed him on probation, in the custody of his grandparents.

---

[1] All further statutory references will be to the Penal Code, unless otherwise noted.

2

On February 27, 2013, a juvenile wardship petition was filed alleging that minor had violated his probation by failing to report to the probation officer as directed, failing to return home by his curfew, and failing to report to the probation officer that he was cited by law enforcement. Minor's whereabouts were unknown, so a bench warrant was issued for his arrest.

Minor was eventually arrested on his bench warrant. At the same time, he was arrested for other offenses and, on March 19, 2013, another juvenile wardship petition was filed. This petition alleged that minor committed the offenses of second degree burglary of a vehicle (Pen. Code, § 459, count 1), trespass (Pen. Code, § 602, subd. (m), count 2), and possession of a smoking device (Health & Saf. Code, § 11364, subd. (a), count 3). Minor admitted count 1, and the court continued him as a ward in the custody of his grandparents. The court dismissed the other allegations, as well as the petition dated February 27, 2013.

On May 24, 2013, a subsequent juvenile wardship petition was filed alleging that minor committed the offenses of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), count 1) and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 2). Pursuant to a stipulation by the parties, the court reduced count 1 to a misdemeanor, and minor admitted both allegations. The court continued minor as a ward, and detained him in juvenile hall, awaiting placement in a foster care facility. The court continued minor on probation, with a few added terms.

On September 10, 2013, another juvenile wardship petition was filed alleging that minor violated his probation by leaving his placement facility without permission.

However, on the court's own motion, the petition was dismissed. The court continued minor as a ward and ordered him to return to the same facility.

On October 18, 2013, a juvenile wardship petition was filed alleging that minor violated his probation by disobeying the regulations of the placement. Specifically, it was alleged that he: (1) altered his daily point documentation without permission; (2) possessed a cell phone; (3) encouraged another placement client to leave the facility without permission; and (4) insulted another minor. Minor admitted the second allegation, and the court dismissed the other ones. At a dispositional hearing on December 13, 2013, the court found that the prior dispositions had failed and were not effective in rehabilitating minor. The court found it necessary to commit him in a closed setting. In accordance with the probation officer's recommendation, the court continued minor as a ward, removed custody from the grandparents, and committed him to the Gateway program. The court found that minor had a total available confinement time of four years, with 167 days of credits.

## DISCUSSION

Minor appealed and, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493] setting forth a statement of the case, a summary of the facts, and one potential arguable issue: whether the court abused its discretion in ordering that minor be placed at Gateway. Minor has also requested this court to undertake a review of the entire record.

We offered minor an opportunity to file a personal supplemental brief, which he has not done.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

<u>DISPOSITION</u>

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>HOLLENHORST</u>
Acting P. J.

We concur:

<u>McKINSTER</u>
       J.

<u>CODRINGTON</u>
       J.